STATE OF CONNECTICUT *v.* ANONYMOUS (1975–1)*

SUPERIOR COURT

DAVID M. SHEA, J.   Each of the three defendants has moved for a separate trial, while the state has moved for consolidation of the three informations. Each defendant is charged with the substantive crime of robbery in the first degree in one count and also, in a second count, with conspiring with the other defendants to commit the robbery.

Under Practice Book § 532, codefendants are normally joined in the same complaint, "unless good cause shall exist for proceeding otherwise." "Where from the nature of the case it appears that a joint trial will probably be prejudicial to the rights of one or more of the parties, a separate trial should be granted when properly requested." *State* v. *Brauneis,* 84 Conn. 222, 226.   Where the defenses of different parties are antagonistic or

---

* Opinions on preliminary motions in criminal cases are thus entitled, in view of General Statutes § 54-90.

where evidence will be introduced against one party which would not be admissible against the others, separate trials should be ordered. *State* v. *Hunt,* 154 Conn. 517, 522. Where the confession of one defendant implicates a codefendant in the crime, separate trials must be ordered in order to preserve the constitutional right of confrontation. *Bruton* v. *United States,* 391 U.S. 123.

The claim of prejudice is based on certain statements attributed to each defendant which might not be admissible in separate trials of the other defendants. According to the affidavit attached to the bench warrant for the defendant A, he told a witness that he was desperately in debt the day before the robbery, and, after his arrest a few hours after the robbery, he gave the police an explanation of his whereabouts at the time of the robbery. In the affidavit attached to the bench warrant for the defendant B, it appears that an informer claims that B had confessed his own participation in the robbery. Since none of the statements attributed to the defendants A and B are inculpatory of other codefendants, they afford no basis for a finding of prejudice from a joint trial where these statements would be introduced. *State* v. *Oliver,* 160 Conn. 85, 97.

In the affidavit attached to the bench warrant for the defendant C, it is stated that he told the informer of his plan to rob with the assistance of A and B and that he told the informer some time after the robbery that the three defendants had committed the robbery. These inculpatory statements would violate the *Bruton* rule unless they would also be admissible in a separate trial of each defendant as statements of a coconspirator made in furtherance of the conspiracy. McCormick, Evidence (2d Ed.) § 267, p. 645. It may also be noted that a violation of the *Bruton* principle is deemed

nonprejudicial where the codefendants have also confessed. *State* v. *Oliver*, supra, 97; *United States ex rel. Catanzaro* v. *Mancusi*, 404 F.2d 296, 300. This exception to the *Bruton* rule would seem to apply to the defendants B and C. So far as A is concerned, it is unlikely that the statements made by C after the robbery would be admissible against A as a coconspirator, because the conspiracy would have terminated once its objective, the robbery, had been accomplished. *Krulewitch* v. *United States*, 336 U.S. 440. A was arrested soon after the robbery, so the conspiracy must have terminated as to him at that time, if not before. It also seems improbable that these statements would be admissible against B under the conspiracy theory, for the same reasons. With respect to the inculpatory statements of C made before the crime occurred, there are no facts before the court sufficient to decide upon their admissibility. The determination must await the trial.

The state gains no advantage, so far as the admissibility of these statements is concerned, by virtue of the added conspiracy count in each information. Actual evidence of a conspiracy, apart from the statements being considered, would be sufficient to support admission of the statements, whether or not a charge of conspiracy is made. *United States* v. *Annunziato*, 293 F.2d 373, 378. Similarly, a joint trial cannot be utilized as a device for circumventing the *Bruton* rule. In the event of a joint trial, the state must be prepared to accept a ruling excising or excluding the statements attributed to the defendant C inculpating the other two defendants, unless these statements are found to come within the conspiracy exception to the hearsay rule. A recent case in which the inculpatory portion of a confession by a codefendant was excised by the trial judge in order to comply with *Bruton* is *United*

*States* v. *Jenkins,* 496 F.2d 57. The deletion of any reference to codefendants in a statement of one defendant was approved.

The court concludes that a joint trial will not be prejudicial provided that it is not viewed as an occasion to disregard the *Bruton* rule. If C's statements in question are found to have been made in furtherance of the conspiracy, they would be admissible in a separate trial. If not, the portions of those statements implicating B and A should be excluded or deleted. If such a procedure is followed, a joint trial would not impair the rights of the defendants.

In the absence of prejudice, a joint trial would be preferable to separate trials for the convenience of the witnesses, for the sake of judicial efficiency, and in order to avoid unfairness to the defendants in respect to the sequence of trials and possible inconsistencies in the results.

The motions for separate trials are denied.

The motion to consolidate is granted subject to the conditions stated above.